IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CR158 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | |
| MICHAEL G. ALDRICH, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion to dismiss filed by defendant Michael Aldrich (Aldrich) (Filing No. 19). Aldrich is charged in the Indictment with knowingly failing to register and update his sexual offender registration under the Sex Offender Registration and Notification Act (SORNA) (Count I) in violation of 18 U.S.C. § 2250(a). Aldrich is also charged in Count II with failing to register as a sex offender under SORNA also in violation of 18 U.S.C. § 2250(a). Aldrich moves to dismiss the Indictment because: (1) 18 U.S.C. § 2250 violated the ex post facto clause of the United States Constitution; (2) Congress lacked the authority under the Commerce Clause to enact SORNA; (3) the Indictment violates Aldrich's rights under the Due Process Clause; (4) SORNA violates the Tenth Amendment since Congress compelled the various states to accept sex offender registrations; and (5) Congress improperly delegated its legislative authority to the Attorney General to prescribe rules for the implementation of SORNA.

An evidentiary hearing was held on Aldrich's motion on August 13, 2007. Aldrich was present with his counsel, Assistant Federal Public Defender David M. O'Neill. The United States was represented by Assistant U.S. Attorney Michael P. Norris. During the hearing, the court received evidence in the form of taking judicial notice of various pleadings and facts. A transcript of the hearing (TR.) was filed on August 16, 2007 (Filing No. 30). The case was finally deemed submitted on November 13, 2007, after the decision

in **United States v. Patterson**, No. 8:07CR159 (D. Neb. Nov. 8, 2207) (Filing No. 34)[1] was rendered.

## FINDINGS OF FACT

The parties stipulated to the following factual background (TR. 2):

> Aldrich was convicted in Dakota County, Nebraska of Third Degree sexual assault without consent on August 14, 2002. He was sentenced to 257 days in jail, minus time served of 73 days. Aldrich was given a State of Nebraska Sex Offender Registration Notice following his conviction. He acknowledged he understood his responsibilities in registering when he signed and dated the form. The form further instructed Aldrich on his requirement to verify the registration information annually and that it was a continuing responsibility. The form further advised Aldrich of the penalties associated with failing to comply with the registration requirements, to include facing further criminal prosecution. On the form, Aldrich listed his address as: 138 Beck, Winnebago, Thurston County, Nebraska.
>
> On August 17, 2003, Aldrich was convicted in Winnebago (Nebraska) Tribal Court of Attempted First Degree Sexual Assault. He was sentenced to 12 months in jail with all but 4 months suspended, and 12 months of probation. Following this second sexual offense conviction in less than 12 months, Aldrich was assigned a Level 3 sex offender classification by the Nebraska State Patrol Sex Offender Registry (NSPSOR).
>
> On December 1, 2003, NSPSOR mailed Aldrich his annual verification form to his address of record. NSPSOR received no response to the mailing. A follow-up form was sent to Aldrich on December 16, 2003. No response was received. A third verification form was sent by certified mail on December 31, 2003, the verification was returned undeliverable. Aldrich was placed in non-compliance status by the NSPSOR on January 26, 2004. The same procedure in mailing Aldrich a verification form was followed in 2004, 2005, and 2006. No response from Aldrich was received during those years.

---

[1] The undersigned magistrate judge has considered Chief Judge Bataillon's memorandum in **Patterson** and finds the factual circumstances in **Patterson** are different from those in Aldrich's case warranting the analysis set forth herein.

On April 19, 2007 a grand jury sitting in the district of Nebraska returned a two count indictment against Aldrich, charging:

### COUNT I

From on or about January 2004 until April 2007, in the District of Nebraska, MICHAEL G. ALDRICH, a person required to register under the Sex Offender Registration and Notification Act and a sex offender by reason of a conviction in the Winnebago Tribal Court for Attempted First Degree Sexual Assault, did knowingly fail to register and update his sexual offender registration.

In violation of Title 18, United States Code, Section 2250(a).

### COUNT II

From on or about January 2004 until April 2007, in the District of Nebraska, MICHAEL G. ALDRICH, having previously been convicted in the State of Nebraska of an offense requiring him to register as a sex offender, to-wit: Third Degree Sexual Assault without Consent, thereafter traveled to and resided in Indian Country at Winnebago, Nebraska, and knowingly failed to register as a sex offender in the State of Nebraska, as required by the Sex Offender Registration and Notification Act.

In violation of Title 18, United States Code, Section 2250(a).

(Filing No. 1).

Aldrich was arrested in Winnebago, Nebraska. The parties further stipulated that Aldrich was residing in Winnebago, Nebraska, at the time of his arrest (TR. 3). The court took judicial notice that Winnebago, Nebraska, is within Indian country (TR. 3).

## LEGAL ANALYSIS

Title I of the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), P.L. 109-248 (2006), encompasses the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16913. The Adam Walsh Act, including SORNA, was

approved by the President on July 27, 2006. SORNA created a new federal offense, 18 U.S.C. § 2250, of failing to register as a sex offender, known as a Federal Failure to Register ("FFR").

42 U.S.C. § 16913 provides:

> § 16913. Registry requirements for sex offenders
>
> (a) In general --
>> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) Initial registration --
>> The sex offender shall initially register--
>
> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) Keeping the registration current --
>> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.
>
> (d) Initial registration of sex offenders unable to comply with subsection (b) of this section --
>> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the

> registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.
>
> (e) State penalty for failure to comply --
> Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

18 U.S.C. § 2250 provides:

> § 2250. Failure to register
>
> (a) In general. --Whoever--
> (1) is required to register under the Sex Offender Registration and Notification Act;
>
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

Nebraska's Sex Offender Registration Act, Neb. Rev. Stat. § 29-4011, et seq., required Aldrich to register and update his registration after each of his convictions through NSPSOR.

The Attorney General did not exercise his authority under 42 U.S.C. § 16913(d) until February 28, 2007, when he issued an interim rule stating that it is "indisputably clear that SORNA applies to sex offenders (as the Act defines that term) regardless of when they were convicted." 72 FR 8894, 8896.

**Ex Post Facto**

The Adam Walsh Act was effective on July 27, 2006. Prior to its effective date, Aldrich had been convicted of two sex related offenses requiring his registration as a sex offender with NSPSOR under Nebraska law. Since Aldrich allegedly continually resided within Indian country following his convictions even before the effective date of the Adam Walsh Act, Aldrich appears to be in violation of 18 U.S.C. § 2250(a) as of July 27, 2006.

Aldrich argues the FFR seeks to increase the punishment of Aldrich for a failure to register at a punishment level above that which was originally prescribed at the time of Aldrich's conduct and thus is in violation of the Ex Post Facto clause of the U.S. Constitution as SORNA applies to him.[2] Aldrich asserts he was placed in non-compliance by the Nebraska State Patrol on January 26, 2004. Consequently, Aldrich argues that since § 2250(a) subjects Aldrich to a ten year term of imprisonment, he faced an increase of punishment from the date he was alleged to be in non-compliance in January 2004. Aldrich further agues that § 2250 violates the Ex Post Facto clause because it punishes Aldrich for an act that was not punishable at the time the act was committed.

Much of Aldrich's ex post facto argument deals with the "gap" period between the effective date of the Adam Walsh Act and the Attorney General's interim rule involving SORNA's applicability to offenders regardless of the dates of their conviction. Aldrich's position is SORNA does not apply to him until after February 28, 2007. The government's position is that Aldrich was initially registered and the Attorney General's interim rule regarding initial registration was irrelevant to Aldrich. Faced with a similar argument, the Southern District of Iowa agreed with the government's position in *United States v. May*, 2007 WL 2790388 (S.D. Iowa, Sept. 24, 2007). There as here, Aldrich was initially registered under Nebraska law and the "gap" period is inapplicable. **See *United States v. Madera***, 474 F. Supp. 2d 1257 (M.D. Fla. 2007).

Likewise the *May* court rejected the defendant's argument that if SORNA was to apply retroactively, it violated the Ex Post Facto clause. The undersigned agrees with the rationale espoused therein and with the other district courts who have held that SORNA

---

[2] Article 1, § 9, cl. 3, United States Constitution.

6

was enacted under Congress's stated purpose of establishing a comprehensive national sex offender registration system and simply not to exact punishment against sex offenders. **See also** *United States v. Hinen*, 487 F. Supp. 2d 747 (W.D. Va. 2007); *United States Manning*, 2007 WL 624037 (W.D. Ark. Feb. 23, 2007).

### Commerce Clause

Aldrich alleges that 18 U.S.C. § 2250 violates the Commerce Clause as there is no sufficient nexus to the regulation of interstate commerce and Congress lacks the power to require registration of locally (intrastate or tribal) convicted sex offenders. First, Congress has the inherent power to legislate matters relating to Indian matters. *United States v. Lara*, 541 U.S. 193, 200 (2004). Second, the FFR statute does not seek to regulate intrastate registration of sex offenders but sets forth requirements for federal criminal prosecution, i.e., a federal qualifying conviction, or travel in interstate commerce, or access to Indian country, all well within Congress's purview. Since Congress has properly exercised its authority, the Indictment is not defective based upon the Commerce Clause. **See** *United States v. Mason*, 510 F. Supp. 2d 923 (M.D. Fla. 2007); *United States v. Templeton*, 2007 WL 445481 (W.D. Okla. Feb. 7, 2007); *United States v. Muzio*, 2007 WL 2159462 (E.D. Mo. July 26, 2007).

### Non-Delgation Doctrine

Aldrich asserts that the provisions of SORNA, i.e., 42 U.S.C. §16913(d), allowing the Attorney General the authority to specify the retroactive applicability of SORNA to sex offenders convicted before SORNA, violates the separation of powers doctrine prohibiting Congress from delegating its authority to make laws to another branch of government.

> The Constitution provides that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States." U.S. Const., Art. I. § 1. This "nondelegation doctrine" is an integral part of the separation of powers of our system of government. However, the Supreme Court has stated that "the separation-of-powers principle, and the nondelegation doctrine in particular, do not prevent Congress from obtaining the assistance of its coordinate Branches." *Mistretta v. United*

>*States*, 488 U.S. 361, 372, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

*Madera*, 474 F. Supp. 2d at 1261.  Since SORNA included an intelligible principle of protecting the public from sexual predators and guided the executive branch in setting forth requirements of registration, § 16913(d) does not constitute an impermissible delegation of Congressional power.  *Mistretta*, 488 U.S. at 372.

## CONCLUSION

Aldrich's motion to dismiss the Indictment should be denied.

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

Aldrich's motion to dismiss (Filing No. 19) be denied.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 14th day of December, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge