IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CR158 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL G. ALDRICH, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's objection, Filing No. 48, to the report and recommendation ("R&R") of the magistrate judge, Filing No. 39, wherein the magistrate judge denied defendant's motion to dismiss, Filing No. 19. The defendant is charged with two counts of failure to register as a sex offender in the State of Nebraska from January 2004 until April 2007, as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). Filing No. 1. The magistrate judge recommended that the defendant's motion to dismiss be denied. Pursuant to 28 U.S.C. § 636, the court has conducted a *de novo* determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has reviewed of the entire record including the transcript of the motion to dismiss hearing. Filing No. 30. The parties are in basic agreement as to the facts, so the court accepts the facts set out in the R&R, Filing No. 39 at 2-3, and they need not be repeated herein, except to the extent necessary to this court's findings. The court finds it will not adopt the report and recommendation.

**BACKGROUND**

Defendant was convicted in Dakota County Nebraska, of third-degree sexual assault without consent on August 14, 2002. He received a 257-day sentence. Following his conviction, he received a State of Nebraska sex offender registration notice which he signed and dated. This form indicates the responsibilities for registration and the penalties for failure to do so, which includes a jail sentence of up to one year. On this form the defendant listed his address as: 138 Beck, Winnebago, Thurston County, Nebraska. On August 17, 2003, defendant was convicted in Winnebago, Nebraska Tribal Court of attempted first-degree sexual assault. He received a twelve-month sentence with four months suspended, and twelve months of probation. He was then assigned a level three sex offender classification by the Nebraska State Patrol Sex Offender Registry. On December 1, 2003, Aldrich was mailed his annual verification form to his address on record. He did not respond. A follow-up response form was sent on December 16, 2003, and again, defendant did not respond. A third verification was sent by certified mail on December 31, 2003, and it was returned undeliverable. On January 24, 2004, defendant was placed in noncompliance status by the Nebraska State Patrol Sex Offender Registry. In each of the years 2004, 2005, and 2006, the same procedure was used, presumably on generally the same dates, and no response was ever received from the defendant. Presumably no request was made for 2007 prior to the indictment. The record is silent concerning any change of address by the defendant following his initial registration. The court notes that the defendant's initial arrest warrant lists 139 Beck Street, Winnebago as his address, and it also notes that he was released pending trial to reside at 138 Beck

Street in the custody of a family member. He was subsequently arrested at 138 Beck for violating his pretrial release order.

On April 19, 2007, a federal grand jury indicted defendant for failing to register and update his sexual offender registration pursuant to SORNA, 18 U.S.C. § 2250(a), for both of his sexual assault convictions. Defendant was then arrested in Winnebago, Nebraska, where the parties agree he was residing in Indian country.

**DISCUSSION**

*A. SORNA*

The Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, 120 Stat. 587, was enacted on July 27, 2006. Title I includes the Sex Offender Registration and Notification Act, 42 U.S.C. § 16913. Failure to register under SORNA is grounds for a maximum penalty of ten years' imprisonment. 18 U.S.C. § 2250(a). Part of the purpose of SORNA was to establish national registration of sex offenders to compile the names into a single database. States must implement SORNA by July 29, 2009. 42 U.S.C. § 16924(a)(1). Failure to register under SORNA is grounds for a fine or imprisonment of not more than ten years, or both. 18 U.S.C. § 2250. The government argues that the defendant violated § 2250(a) for failing to register under § 2250(a)(1) (conviction under Tribal Indian law (§ 2250(a)(2)(A)), and failing to register or update a registration in violation of § 2250(a)(3)). Defendant moved to dismiss on the basis that such retroactive application is ex post facto, violates the Commerce Clause, violates the Due Process Clause, and violates the non-delegation doctrine.

Defendant argues that he did not have to register under SORNA until the Attorney General exercised his authority on February 28, 2007. Defendant says his failure to

3

comply occurred in 2004, so he did not have to comply with SORNA until February 28, 2007, when the Attorney General determined there would be retroactive application. See 42 U.S.C. § 16913(d) ("Attorney General shall have the authority to specify the applicability of the requirements . . . sex offenders convicted before July 27, 2006. . . ."). On February 28, 2007, the United States Attorney General filed an interim rule pursuant to 42 U.S.C. § 16913(d) making SORNA applicable to sex offenders who were convicted before the enactment of SORNA for an offense which requires a defendant to register. The Attorney General did not exercise his authority under 42 U.S.C. § 16913(d) until February 28, 2007, when he issued an interim rule stating that it is "indisputably clear that SORNA applies to sex offenders (as the Act defines that term) regardless of when they were convicted." 72 FR 8894, 8896.

The government disagrees with the defendant and argues that 42 U.S.C. § 16913(d) is entitled "Initial registration of sex offenders unable to comply with subsection (b) of this section." Subsection (b) requires a sex offender to initially register before the completion of a sentence that requires registration; or not later than three business days after being sentenced for the offense if the offender is not sentenced to a term of imprisonment. Thus, argues the government, the defendant was required to register before February 28, 2007, because Nebraska law requires both registration and annual updates. Neb. Rev. Stat. § 29-4011, and § 28-105. This, contends the government, takes the defendant out of § 16913(d) and back into §§ (a) and (c) requiring that a convicted sex offender keep his registration current.

However, defendant argues that no matter what section the government attempts to place him under, SORNA increases his punishment for failing to register for a pre-

4

SORNA crime. The government argues this is not punitive, but it is a civil regulatory scheme.

> 42 U.S.C. § 16913 provides:
>
> § 16913. Registry requirements for sex offenders
>
> (a) In general
>
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) Initial registration
>
> The sex offender shall initially register--
>
>> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>>
>> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) Keeping the registration current
>
> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.
>
> (d) Initial registration of sex offenders unable to comply with subsection (b) of this section
>
> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for

5

>other categories of sex offenders who are unable to comply with subsection (b) of this section.
>
>(e) State penalty for failure to comply
>
>Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

18 U.S.C. § 2250 provides:

>§ 2250. Failure to register
>
>(a) In general. --Whoever–
>
>>(1) is required to register under the Sex Offender Registration and Notification Act;
>>
>>(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>>
>>(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>>
>>(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
>shall be fined under this title or imprisoned not more than 10 years, or both.

Nebraska's Sex Offender Registration Act, Neb. Rev. Stat. § 29-4011 *et seq.*, required Aldrich to register and update his registration after each of his convictions.

### B. EX POST FACTO/DUE PROCESS

The Ex Post Facto Clause is violated if (1) it punishes as a crime an act that was not criminal when it was committed, or (2) makes the punishment for a crime greater than

6

when the crime was committed. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). The magistrate judge determined, after holding an evidentiary hearing, that the Ex Post Facto Clause did not apply. The magistrate judge further determined that this court's previous ruling in *United States v. Patterson*, 2007 WL 3376732 (D. Neb. Nov. 8, 2007) did not apply as it was factually distinguishable.[1] The magistrate judge contends that defendant resided in Indian country prior to the effective date of the Adam Walsh Act, and thus he is in violation of 18 U.S.C. § 2250(a).[2] The magistrate judge further decided that he agreed with the determinations in *United States v. May*, 2007 WL 2790388 (S.D. Iowa, Sept. 24, 2007), and *United States v. Madera*, 474 F. Supp.2d 1257 (M.D. Fla. 2007), wherein the courts rejected the defendants' arguments that SORNA violated the Ex Post Facto Clause. The conclusion was based on the magistrate judge's agreement that SORNA was enacted for the purpose of establishing a comprehensive registration system and not to exact punishment against particular sex offenders. *See also United States v. Hinen*, 487 F. Supp.2d 747, 756-57 (W.D. Va. 2007); *United States v. Manning*, 2007 WL 624 037 (W.D. Ark. Feb. 23, 2007). The Supreme Court has stated:

> [O]ur decisions prescribe that two critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. . . . Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. Thus, even if a statute merely alters penal provisions accorded by the grace

---

[1] This court concluded in Patterson that the Ex Post Facto Clause applied because the defendant traveled during the period of time between the enactment of SORNA and the interim rules promulgated by the Attorney General.

[2] There is no allegation in the indictment that defendant is a Native American. It is sufficient under SORNA that the defendant be a resident of tribal land. 18 U.S.C. § 2250(B).

7

of the legislature, it violates the Clause if it is both retrospective and more onerous than the law in effect on the date of the offense.

*Weaver v. Graham*, 450 U.S. 24, 29-30 (1981) (citations omitted).

Defendant's initial noncompliance occurred in 2004 under Nebraska state law. Since SORNA had not yet been enacted, his noncompliance was not punishable under SORNA then or the times he failed to register through 2005. In 2006 the Attorney General had not yet exercised his authority to apply the law to pre-2006 offenses. Failing to register is a one-time offense, not a continuing violation. *Toussie v. United States*, 397 U.S. 112, 115-122 (1970); *United States v. Smith*, 481 F. Supp.2d 846, 851-52 (E.D. Mich. 2007); *Patterson*, 2007 WL 3376732. All the defendant in this case did was to continue to live on an Indian reservation when SORNA was passed. Defendant's failure to register under SORNA is wholly passive conduct. The government argues that SORNA is a civil, regulatory statute. However, the court finds it is clearly punitive in nature as it increases the potential jail sentence to ten years. *Smith*, 481 F. Supp.2d at 853. The government's argument that this is a civil, regulatory statute is without merit.

The court agrees with the defendant that this retroactive clause is ex post facto[3] as to this defendant, and finds the analysis in *United States v. Muzio*, 2007 WL 2159462 * 5-7 (E.D. Mo. 2007), *United States v. Kapp*, 487 F. Supp. 2d 536, 543 (M.D. Pa. 2007), and *United States v. Stinson*, 507 F. Supp.2d 560, 569 (S.D. W.Va. 2007), to be persuasive.[4] Those courts clearly found SORNO to be ex post facto based on the fact that

---

[3] Article 1, § 9, cl. 3, United States Constitution.

[4] Because the court concludes that the Ex Post Facto Clause and the Due Process Clause have been violated and the indictment must be dismissed, the court need not address all of defendant's remaining contentions.

8

(1) the crimes were previous to SORNA, and (2) the penalties are greater for the defendants who would be subject to violating SORNA. Also, this court, under somewhat different circumstances, found the Ex Post Facto Clause to be violated in *Patterson*, 2007 WL 3376732. However, the court finds a similar type of analysis applies here. The defendant was convicted of two crimes, both required jail time which he served, and both required registration under Nebraska state law. Failure to register under Nebraska state law is a crime punishable by up to one year and in some instances five years. The crime passed by Congress under SORNA allowed for a ten-year sentence for failure to register. This is ex post facto. Under 18 U.S.C. § 2250, conduct which already occurred is criminalized by increasing punishment. Such punishment was not available at the time of the crime, nor was it even a federal crime at the time of the state crime. For these reasons, the court finds *Weaver* applicable in this case, as it is both retroactive and increases defendant's punishment.

In connection with this ex post facto claim, the defendant also raises a due process claim. Although the defendant raised a due process claim, the magistrate judge did not address it. The ex post facto argument is quite similar to the due process claims raised by the defendant. Defendant had no knowledge of the federal registration requirement or the increased penalty. Section 2250 says one must knowingly fail to register. Defendant's conduct in this case occurred before SORNA, so he could not knowingly fail to register under SORNA. Under the Fifth Amendment, a defendant must have notice and fair warning of his failure to register. *Lambert v. California*, 355 U.S. 225, 226-230 (1957) (due process violated where felon required to register with police under city ordinance when no notice given); *see also United States v. Ficke*, 58 F. Supp.2d 1071 (D. Neb. 1999) (gun

9

owner received misdemeanor domestic assault; two years later Congress passed Violence Against Women Act where the misdemeanor offender can't have a gun; defendant did not know, and the court dismissed the indictment under Due Process Clause)*.* Nebraska has not yet drafted a law to comply with the SORNA requirements, and it is not required to do so until July 27, 2009. The court finds that the indictment violates the Due Process Clause in this regard. See, e.g., *United States v. Dalton*, 960 F.2d 121, 124 (10th Cir. 1992). There is no evidence defendant knew of SORNA, and he did not actively commit the crime charged. *Muzio*, 2007 WL 2159462 (SORNA unconstitutional for those who have been convicted prior to SORNA); *United States v. Heriot*, 2007 WL 2199516 (D.S.C. July 27, 2000) (same).

Accordingly, the court finds the motion to dismiss the indictment must be granted on the basis that it is both ex post facto and violates the Due Process Clause of the United States Constitution.[5]

THEREFORE, IT IS HEREBY ORDERED that:

1. The report and recommendation, Filing No. 39, is not adopted.

---

[5]In general, the court is aware that its finding herein means the remaining constitutional questions need not be addressed at this time. *See Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. and Constr.*, 485 U.S. 568, 575 (1988). However, the court is also concerned that this statute violates the non-delegation doctrine. SORNA permits the Attorney General to determine the applicability of the retroactivity to sex offenders convicted before July 27, 2006. The Attorney General is given broad powers to determine retroactive application of SORNA. 42 U.S.C. § 16913(a). It appears to the court that this is indeed a separation of powers issue. *See Mistretta v. United States*, 488 U.S. 361, 372 (1989 ). Congress is permitted to obtain assistance from other branches of the government for purposes of implementing SORNA, but Congress cannot allow the Attorney General to legislate the scope of the retroactive reach. SORNA allowed the Attorney General discretion to legislate the length of time, scope and reach of the retroactive application. This is not implementation. Rather, the Attorney General is permitted to choose who it applies to and when it applies. This is a legislative function. The court is of the opinion that this is a legislative, not an executive function, and thus is unconstitutional. *See United States v. Kapp*, 487 F. Supp. 2d 536, 543 (M.D. Pa. 2007); *but see, United States v. Hacker,* 2008 WL 312689, *3 (Feb. 1, 2008 D. Neb) (wherein Judge Laurie Smith Camp concluded that there is no violation of the non-delegation doctrine nor the Commerce Clause).

2.   The defendant's objection to the report and recommendation, Filing No. 48, is granted.

3.   The defendant's motion to dismiss the indictment, Filing No. 19, is granted.

DATED this 14th day of February, 2008.

                          BY THE COURT:

                          s/ Joseph F. Bataillon
                          Chief United States District Judge